108 N.J. Super. 1 (1969)
259 A.2d 725
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SAMUEL A. MONDROSCH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 1, 1969.
Decided December 8, 1969.
*2 Before Judges GOLDMANN, LEWIS and MATTHEWS.
Mr. Frank E. Vittori argued the cause for appellant (Messrs. Piarulli & Vittori, attorneys).
Mr. Rudolph J. Rossetti, Assistant Prosecutor, argued the cause for respondent (Mr. A. Donald Bigley, Camden County Prosecutor, attorney).
GOLDMANN, P.J.A.D.
Defendant appeals from convictions, following a jury verdict of guilty, for attempted breaking and entering with intent to steal (N.J.S.A. 2A:94-1, 2A:85-5), and for possession of burglary tools (N.J.S.A. 2A:94-3).
Defendant, a police officer, was indicted jointly with one Robert Nece on three separate indictments charging conspiracy *3 to break and enter, attempted breaking and entering with intent to steal, and possession of burglary tools. The indictments were consolidated for trial and, on defendants' application, separate trials were granted. Nece was tried first and acquitted on all charges. Prior to the commencement of defendant's trial, the trial judge dismissed the indictment for conspiracy on the ground that "there [had] been an adjudication that there was no criminal partnership." However, he denied motions to dismiss the other indictments.
On appeal defendant contends that (1) the acquittal of Nece, on essentially the same evidence, collaterally estopped the State from prosecuting him, and (2) the trial judge committed prejudicial error in excluding evidence of acts of misconduct by the State's primary witness, Officer Clements, as challenging his credibility, and in excluding evidence of Clements' reputation for being "accusatory in nature."
Defendant relies on State v. Cormier, 46 N.J. 494 (1966), in support of his argument that the State was collaterally estopped from prosecuting him. He claims that the conspiracy indictment having been dismissed, a logical extension of Cormier required a dismissal of the other two indictments of which he was found guilty, especially in view of Nece's acquittal on the latter indictments. The facts in Cormier are readily distinguishable from those in the present case. In Cormier the same defendant was tried twice on substantially the same factual evidence, although on different charges (conspiracy to defraud and the substantive crime of fraud). Here, however, the subsequent prosecution was against a different defendant. It is well established that a judgment of acquittal or conviction against one defendant does not operate as res judicata or collateral estoppel with regard to the prosecution of another defendant, even though the same transaction is involved. See Annotation, "Modern status of doctrine of res judicata in criminal cases," 9 A.L.R.3d 203, 218 (1966). The supporting rationale for this rule is plain. An acquittal of defendant X merely adjudges his *4 nonparticipation in some alleged criminal conduct; it does not adjudge that no criminal act was committed or that codefendant Y was not the erring perpetrator. It simply determines that X alone was not the wrongdoer, and so the final determination as to X has no bearing on Y's alleged guilt.
Defendant further argues that the dismissal of the conspiracy charge was equivalent to the prior acquittal in Cormier. Not so; a pretrial dismissal, unlike an acquittal, adjudicates no issues as such. In this case the acquittal of Nece rendered the conspiracy charge against Mondrosch nugatory, but it had no bearing on the other charges.
We turn to defendant's second main point. As noted, Officer Clements was the primary prosecution witness at defendant's trial. Defendant attempted to elicit from another officer, Terinzi, several of Clements' past actions that would indicate that he had previously falsely accused certain persons of committing criminal acts. After a lengthy colloquy the trial judge disallowed this line of questioning. Defendant asserts, essentially, that the proffered evidence was both an attack on Clements' credibility and an attempt to establish a pattern of habit or custom, and so was admissible.
Evidence Rule 20, dealing with evidence generally affecting credibility, permits the introduction of evidence to impeach a witness. However, this general rule is explicitly limited by Evidence Rules 22 and 47. Rule 22 provides that
As affecting the credibility of a witness * * * (c) evidence of traits of his character other than honesty or veracity or their opposites, shall be inadmissible; (d) evidence of specific instances of his conduct, relevant only as tending to prove a trait of his character, shall be inadmissible.
And Evidence Rule 47 permits proof of a trait of character  here Clements' propensity falsely to accuse others of committing criminal acts  only by "(a) testimony in the form of opinion, (b) evidence of reputation, or (c) evidence of conviction *5 of a crime which tends to prove the trait. Specific instances of conduct not the subject of a conviction of a crime shall be inadmissible."
Defense counsel's attempted line of questioning clearly ran counter to the rules just cited. The trial judge quite properly ruled as inadmissible the proffered evidence of specific instances of past misconduct by Clements as affecting his credibility.
After the original line of impeaching questioning had been disallowed, defendant attempted to elicit, through Terinzi, Clements' "reputation with regard to a propensity or an inclination to be accusatory in nature against others." The trial judge sustained the prosecuting attorney's objection, finding that the testimony was not within the meaning of Evidence Rule 47. We agree.
The judgments of conviction are affirmed.