**Chris CARRIGAN, Plaintiff,**

v.

**Patrick ARVONIO, et al., Defendants.**

**Civ. No. 93–4618 (CSF).**

United States District Court,
D. New Jersey.

Dec. 8, 1994.

---

Chris Carrigan, pro se.

John Kaye, Monmouth County Prosecutor by Patricia B. Quelch, Asst. Director Appellate/Motion Section, Freehold, NJ, for defendants.

## OPINION

CLARKSON S. FISHER, District Judge.

On October 6, 1994, this court denied the application of Chris Carrigan, petitioner, for a writ of habeas corpus. Presently before the court is petitioner's Rule 52(b) motion for the court to amend its judgment and for an evidentiary hearing. *Carrigan v. Arvonio,* No. 93–4618, slip op. at 10 (D.N.J. Oct. 16, 1994).

Rule 52(b) of the Federal Rules of Civil Procedure provides that:

Upon motion of a party made not later than ten days after entry of judgment, the court may amend its findings or make additional findings and may amend the judgment accordingly.

Fed.R.Civ.P. 52(b).

In this instance petitioner's motion was not filed within ten days after the entry of judgment as required by Rule 52(b); however, the court is satisfied that the procedural default in petitioner's motion is the product of factors external to petitioner, and thus will turn to the merits of his motion. For the reasons expressed below, petitioner's application for a writ of habeas corpus is granted, and it is ordered that petitioner receive a new trial.

The facts of the case were fully set forth in this court's unpublished opinion of October 6, 1994. Briefly, then, petitioner was convicted in 1988 for aggravated sexual assault and related offenses, and sentenced to 30 years in prison with a fifteen-year parole disqualifier. Petitioner was convicted largely on the basis of the testimony of the victim, who is petitioner's adoptive sister. At the hospital after the alleged assault, genital, vaginal, oral and anal swab tests taken from the victim failed to reveal any evidence of spermatozoa. Further, pubic combings failed to result in a finding of hairs foreign to the victim. In addition, there was an absence of bruises, bleeding or tenderness in the genital area of the victim. An expert for the state testified that these negative findings did not necessarily lead to the conclusion that the victim had not been raped, because evidence of trauma is lacking in most rape cases.

New Jersey Division of Youth and Family Services (DYFS) records relating to the victim indicate that she had in the past made several allegations of rape against other individuals. This court reviewed these allegations as described in the DYFS records and characterized them as "apparently dubious." *See Carrigan v. Arvonio,* No. 93–4618, slip op. at 16.

In its October 6, 1994, opinion, this court found that petitioner's trial counsel had rendered constitutionally deficient performance by failing to investigate independently petitioner's pretrial claims that the victim had made false allegations of sexual abuse in the past, evidence of which was contained in the victim's DYFS records. This court then determined that petitioner suffered no prejudice as a result of such constitutionally defective representation, ruling that the decisions in *State v. Mondrosch,* 108 N.J.Super. 1, 259 A.2d 725 (App.Div.1969), *cert. denied,* 55 N.J. 600, 264 A.2d 71 (1970), and *State v. Hummel,* 132 N.J.Super. 412, 334 A.2d 52 (App. Div.), *cert. denied,* 67 N.J. 102, 335 A.2d 54 (1975), and New Jersey Rules of Evidence 4, 22(d), 47 and 49 precluded the admissibility of such evidence. In *Mondrosch,* the court held that evidence that a prosecution witness had on prior occasions falsely accused certain persons of committing criminal acts was inadmissible as affecting credibility where the alleged conduct of the witness was not subject to a criminal conviction. The court in *Mondrosch* rejected defendant's assertion that the evidence was both an attack on the witness' credibility under Evidence Rule 22(d) and an attempt to establish a pattern of habit under Evidence Rule 49. *Mondrosch,* 108 N.J.Super. at 4, 259 A.2d 725. The court

reasoned that Evidence Rules 22 and 47 prohibit, as a method of proving character, the introduction of evidence of specific instances of conduct not the subject of a criminal conviction. *Id.; see* N.J.R.E. 22(d), 47; *see also State v. Hummel,* 132 N.J.Super. 412, 334 A.2d 52 (App.Div.), *cert. denied,* 67 N.J. 102, 335 A.2d 54 (1975).

As the victim in this case was never charged for any crime relating to the accusations in question, this court ruled that "under *Mondrosch,* evidence of alleged prior accusations by the victim is inadmissible." *Carrigan v. Arvonio,* No. 93–4618, slip op. at 20.

Since the court determined that petitioner had suffered no prejudice, it ruled that petitioner was not entitled to habeas relief. *Id.; See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Petitioner now asserts that N.J.S.A. 2C:14–7, New Jersey's rape shield law, and the cases exploring that law support the admissibility of such evidence of prior false allegations of sexual abuse in this context. Neither petitioner nor respondent Monmouth County Prosecutor addressed the issue of the rape shield law on the initial petition.

N.J.S.A. 2C:14–7 provides in relevant part that:

a. In prosecutions for aggravated assault, sexual assault, aggravated criminal sexual contact, criminal sexual contact, or endangering the welfare of a child in violation of N.J.S. 2C:24–4, evidence of the victim's previous sexual conduct shall not be admitted ... except as provided for in this section.

c. Evidence of previous sexual conduct shall not be considered relevant unless it is material in negating the element of force or coercion or to proving that the source of semen, pregnancy or disease is a person other than the defendant. For the purposes of this section, "sexual conduct" shall mean any conduct or behavior relating to sexual activities of the victim, including but not limited to previous or subsequent experience of sexual penetration or sexual contact, use of contraceptives, living arrangement and life style.

N.J.S.A. 2C:14–7.

Rape shield laws are designed to protect victims of sexual assault and encourage the reporting of what has traditionally been an under-reported crime. *See generally* Galvin, "Shielding Rape Victims in the State and Federal Courts: A Proposal for the Second Decade," 70 Minn.L.Rev. 763. The New Jersey statute, with these policies in mind, therefore "limits exceptions to the admission of evidence of a victim's previous sexual conduct in prosecutions for sexual assault and criminal sexual contact." *State v. Budis,* 125 N.J. 519, 529, 593 A.2d 784 (1991). The statute also sets out procedure by which a defendant may seek admission of prior sexual conduct evidence:

When the defendant seeks to admit such evidence for any purpose, he must apply for an order of the court before the trial or preliminary hearing.... After the application is made, the court shall conduct a hearing in camera to determine the admissibility of the evidence. If the court finds that evidence offered by the defendant regarding the sexual conduct of the victim is relevant and that the probative value of the evidence offered is not outweighed by its collateral nature or by the probability that its admission will create undue prejudice, confusion of the issues, or unwarranted invasion of the privacy of the victim, the court shall enter an order setting forth with specificity what evidence may be introduced and the nature of the questions which shall be permitted...."

N.J.S.A. 2C:14–7(a).

As stated *supra,* the task for the court on this motion is to determine the potential admissibility of evidence of prior allegations of sexual abuse. If the evidence is potentially admissible under the New Jersey rape shield law, then petitioner did indeed suffer prejudice as a result of his constitutionally defective representation at trial. In order to make that determination, the court will consider the statute and its application in the New Jersey courts. Petitioner faces two hurdles with respect to the statute. First, prior accusations of sexual assault must fall

within the scope of "previous sexual conduct." Second, petitioner must seek to introduce the evidence of prior sexual conduct for one of the limited purposes the statute allows.

■ The state argues that the victim's prior accusations do not constitute "previous sexual conduct" for purposes of the statute. While the court is initially inclined to agree, New Jersey precedent dictates otherwise. *See State v. Ross,* 249 N.J.Super. 246, 592 A.2d 291 (App.Div.1991). In *Ross,* the court held that prior false accusations was not sexual conduct, while prior true allegations did constitute previous sexual conduct. *Id.* at 252, 592 A.2d 291. Therefore, under New Jersey precedent, prior allegations of sexual abuse can be deemed previous sexual conduct for purposes of the rape shield law.

■ Having determined that prior accusations can constitute previous sexual conduct in New Jersey, the court must determine whether evidence of the victim's prior accusations of rape are admissible in New Jersey state courts. New Jersey's rape shield law states that "previous sexual conduct shall not be considered relevant unless it is material to negating the element of force or coercion or to proving that the source of semen, pregnancy or disease is a person other than the defendant." N.J.S.A. 2C:14–7. In the present case petitioner denies that any sexual contact took place and, thus, does not seek to introduce the evidence of the victim's prior allegations for one of the statutorily prescribed purposes. Presumably, rather, petitioner seeks to undermine the victim's credibility with such evidence. Thus, under the strict language of the statute, it would appear that petitioner seeks to introduce evidence for a purpose which the legislature has deemed irrelevant.

What is missing from the statute is central to the disposition of this motion. Conspicuous in its absence is the lack of an explicit fail-safe mechanism, or catch-all exception, in instances where the evidence is offered, as

here, for a purpose other than to negate force or establish source of injury. The Supreme Court of New Jersey has noted this absence. "To this extent, the statute differs from Federal Rule of Evidence 412, which, in addition to permitting evidence of past sexual behavior to show the source of semen or injury, permits such evidence if 'constitutionally required.'" *State v. Budis,* 125 N.J. 519, 530, 593 A.2d 784 (1991); Fed.R.Evid. 412(b)(1), (2). While the statute itself is silent on the "constitutionally required" issue, the New Jersey decisions exploring the law indicate that Section 14–7 does indeed incorporate a fail-safe mechanism. In *Budis,* the court declared admissible evidence which admittedly fell outside the strict parameters of the statute. *Budis,* 125 N.J. at 530, 593 A.2d 784. The court held that the right to confront and cross-examine accusing witnesses justified admitting evidence of a child victim's prior sexual abuse in order to show sexual knowledge. *Id.* at 540, 593 A.2d 784. The court disallowed the same evidence for purposes of undermining the child victim's credibility. *Id.* Significantly, however, in *Budis* the defendant did not claim fabrication, as did the petitioner in the present case.

A little more than a month before *Budis* was issued, in *State v. Ross,* 249 N.J.Super. 246, 592 A.2d 291 (App.Div.1991), the appellate division examined circumstances quite similar to petitioner's case, and indicated that the list of exceptions contained in N.J.S.A. 2C:14–7 is not exhaustive. The court there advised that, in order to avoid conflicting with the defendant's constitutional right to a fair trial, courts should construe the rape shield law as permitting "a fail-safe mechanism to allow the trial judge discretion to admit critical defense evidence which is of the subject of an exception." *Ross,* 249 N.J.Super. at 251, 592 A.2d 291 (quoting *Budis,* 243 N.J.Super. 498, 580 A.2d 283 (App.Div.1990), *affirmed,* 125 N.J. 519, 593 A.2d 784 (1991)). *See* Cannel, "Criminal Code Annotated", Comment 4, N.J.S.A. 2C:14–7 (1994).[1] Petitioner directs the court

---

1. Comment 4 by Cannel, which deals with subsection (c), notes that that subsection "specifies particular subjects to which evidence regarding prior sexual conduct must be relevant in order to

be admitted." However, comment 4 notes that "no such list can be truly exhaustive."

Comment 4 continues in language which appears to support the view that evidence such as

to *Ross*, in support of his argument that the evidence in question is admissible in New Jersey. In *Ross*, the defendant was tried for sexually assaulting a ten-year-old girl. The defendant, like the petitioner in this case, denied that any acts of sexual abuse took place. *Id.* at 248, 592 A.2d 291. Prior to trial, the defense came into possession of DYFS reports which stated that the victim had claimed to have been sexually abused by two other individuals on prior occasions. *Id.* at 248–249, 592 A.2d 291. Defendant sought to admit evidence of these prior accusations pursuant to N.J.S.A. 2C:14–7. The trial judge refused to admit the evidence. *Id.*

The Appellate Division reversed. In ordering a new trial, the court ruled that defendant was entitled to a pretrial hearing at which the veracity of the victim's claims of prior sexual abuse would be explored. If the child's claims were judicially determined to be false, "the incidents could no longer be characterized as sexual conduct, proof of which is barred by the Rape Shield Law." *Id.* at 252, 592 A.2d 291. Rather, the court held, "proof of the probably false allegations themselves would be admissible to impeach the victim's credibility." *Id.* If, on the other hand, the allegations were deemed true, they would be characterized as sexual conduct. However, the court ruled that such evidence was not necessarily inadmissible. The court was of the view that the evidence might be admissible to show an alternative source of sexual knowledge, as in *Budis*, or to offer a motive to fabricate. *Id.* The admissibility of evidence of probably true prior allegations was to be determined by the trial judge at the pretrial hearing. *Id.*

█ Petitioner claims that had his trial counsel properly produced the evidence contained in the DYFS records at trial, petitioner could have then employed the mandated procedures of N.J.S.A. 2C:14–7. Petitioner

contends that if the trial court had ruled against him, he would have had direct judicial review of that decision, as was afforded the defendant in *Ross*. The court agrees that petitioner has the right under *Budis* and *Ross* to present the evidence in question to the trial court in accordance with the procedures set out in N.J.S.A. 2C:14–7. If the trial court determines that the victim's allegations of prior abuse are false, the evidence would likely be admissible according to *Ross*. If the trial court deems the prior allegations to be true, it shall determine their admissibility. The court notes that in the event that the allegations are judged to be true, *State v. Budis* suggests that evidence of prior true accusations are inadmissible for purposes of impeaching the victim's credibility. *See Budis*, 125 N.J. 519, 540, 593 A.2d 784 (evidence of prior abuse of child victim admissible to show knowledge of sexual practices, but inadmissible to attack victim's character). In any event, should the trial court rule against petitioner on the within evidentiary question at his new trial, and should he again be convicted, he will be afforded direct judicial review of the adverse ruling.

As articulated in the opinion of October 6, 1994, this court was uneasy about the result of petitioner's trial due to the evidence contained in the DYFS records, which was never presented to the trial court. After reconsidering petitioner's habeas application, the court is convinced that relief is justified in this case. Accordingly, petitioner's application for a writ of habeas corpus is granted, and it is ordered that defendant receive a new trial within 90 days or the indictment will be dismissed.

---

that concerned here is admissible if constitutionally required. That language reads:

> Neither statutes nor evidence rules could bar defendant from using evidence and material relevant to his defense where the bar would violate the constitutional right to confront and cross-examine witnesses. *See Davis v. Alaska,* 415 U.S. 308 [94 S.Ct. 1105, 39 L.Ed.2d 347] (1974); *Chambers v. Mississippi,* 410 U.S. 284

[93 S.Ct. 1038, 35 L.Ed.2d 297] (1973). The section should not be read to produce such a result. If a case arises where this sort of evidence is relevant and material on other subjects, there is no reason to believe that the legislature wished the section to exclude that evidence and, by so doing violate the Constitution.