**Rick L. THIBEDEAU, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4325.**

Supreme Court of Alaska.

Oct. 3, 1980.

---

Mary E. Greene, Asst. Public Defender, Fairbanks, and Brian Shortell, Public Defender, Anchorage, for appellant.

Bill D. Murphree, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

MATTHEWS, Justice.

On February 19, 1978, Rick L. Thibedeau sideswiped a vehicle driven by Melitta Reid. The Reid vehicle left the paved portion of the highway, rolled over two times, and came to rest on its wheels. The Thibedeau vehicle continued to travel south, went out of control, and left the roadway. Thibedeau proceeded on foot into Fairbanks where he was later arrested. He admitted at sentencing that he was drunk when driving, and maintained that he had no knowledge at all of being in a two–car accident.

Ms. Reid sustained neck, knee and internal injuries. The medical bills and vehicle damage totalled $4,896.92.

The jury found Thibedeau guilty of failing to render assistance in violation of AS 28.35.060(c).[1] The trial court sentenced Thibedeau to a jail term of three years with all but 90 days suspended. A condition of probation provided:

1. AS 28.35.060 provides:

*Duty of operator to give information and render assistance.* (a) The operator of a vehicle involved in an accident resulting in injury to or death of a person or damage to a vehicle which is driven or attended by a person shall give his name, address, and vehicle license number to the person struck or injured, or the operator or occupant, or the person attending, and the vehicle collided with and shall render to any person injured reasonable assistance, including making of arrangements for attendance upon the person by a physician and transportation, in a manner which will not cause further injury, to a hospital for medical treatment if it is apparent that treatment is desirable. Under no circumstances is the giving of assistance or other compliance with the provisions of this paragraph evidence of the liability of an operator for the accident.

(b) Except as provided in (c) of this section, a person who fails to comply with any of the requirements of this section is, upon conviction, punishable by imprisonment for not more than one year, or by a fine of not more than $500, or by both. This provision does not apply to a person incapacitated by the accident to the extent he is physically incapable of complying with the requirement.

(c) A person who fails to comply with a requirement of this section regarding assisting an injured person is, upon conviction, punishable by imprisonment for not more than 10 years, or by a fine of not more than $10,000, or by both. This provision does not apply to a person incapacitated by the accident to the extent he is physically incapable of complying with the requirement.

[T]hat defendant shall pay a fine of $5,000.00 to be paid to the victim, Melitta Reid, through the Clerk of the trial courts. A hearing will be held on the 1st Friday in October, 1980 at 1:30 p. m. wherein the defendant will be required to show he has made substantial effort to pay such fine.

Thibedeau made a Rule 35(a)[2] motion to correct the sentence, alleging that the sentence was illegal in so far as it required $5,000.00 to be paid to Ms. Reid. He argued that the $5,000.00 payment was not a fine because a fine can only be remitted to the general fund and that it could not be considered to be restitution for the crime of failing to render assistance since Ms. Reid's damages were caused by the accident, not his subsequent criminal conduct.[3] The court granted the motion to correct and issued the following amendatory order:

Defendant has moved to have his sentence corrected. Defendant's argument is persuasive. Instead of paying a $5000.00 fine to Ms. Reid, defendant will pay a $5,000.00 fine to the State of Alas-

ka. The remainder of the sentence and Judgment is unchanged.

Thibedeau challenges the constitutionality of this order, contending that it increases his sentence and, therefore, violates the double jeopardy provisions of both the federal and state constitutions.[4]

Thibedeau's argument is that the amended sentence was an increase because a $5,000.00 payment to Ms. Reid, had it been valid, would have reduced Thibedeau's potential civil liability to her. Changing the recipient of the $5,000.00 from Reid to the state, so the argument goes, meant that Thibedeau's future civil liability to Reid would not be reduced. Therefore such a change would increase Thibedeau's sentence and violate the constitutional prohibition against double jeopardy.

■ The fundamental flaw in this argument lies in Thibedeau's attempt to characterize the initial payment to Ms. Reid as restitution. The trial court, in both the original and amended sentence and in its sentencing remarks, made it quite clear that the $5,000.00 was to be considered a fine, not restitution.[5]

---

**2.** Alaska R.Crim.P. 35(a) provides:

*Correction or Reduction of Sentence.* The court may correct an illegal sentence at any time. The court may reduce a sentence within 120 days after sentence is imposed, or within 120 days after receipt by the court of either a mandate issued upon affirmance of the judgment or an order of dismissal of the appeal, or within 120 days after receipt of an order of the supreme court of the state or of the United States denying an application for relief. The court shall retain jurisdiction under this paragraph notwithstanding the pendency of an appeal. If such a motion is filed during the pendency of a sentence appeal, the proceedings on that sentence appeal shall be automatically stayed upon the filing of a copy of the motion with the court in which the sentence appeal is pending. The stay shall remain in effect until the motion is decided.

**3.** AS 12.55.100 provides in part:

*Conditions of probation.* (a) While on probation and among the conditions of probation, the defendant may be required
(1) to pay a fine in one or several sums;
(2) to make restitution or reparation to aggrieved parties for actual damages or loss caused by the crime for which conviction was had; . . . .

**4.** The fifth amendment to the United States Constitution provides in part:

[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb; . . . .

This was made applicable to the states in *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

Article I, section 9 of the Alaska Constitution provides in part:

No person shall be put in jeopardy twice for the same offense.

**5.** The following colloquy occurred at sentencing:

THE COURT: . . . In addition to the jail sentence there's a $5,000.00 fine that's to be paid to Mrs. Reid.
DEFENSE COUNSEL: Your Honor, I think you want that to the insurance company, 'cause they've already paid Mrs. Reid.
THE COURT: Any agreements between Mrs. Reid and her insurance company are between them, so—this is a fine to be paid to Mrs. Reid and if she's made agreements with—to pay back to the insurance company, why, that's between Mrs. Reid and the company. I'll set a review hearing for the first Friday in October of 1980, to review the payment of that fine . . .

■ Thibedeau offers no authority, and we can find none, to the effect that payment of a fine to a victim of a crime would be offset against future civil liability. A fine in such circumstances would be analogous to an award of punitive damages in a civil case. Payment of punitive damages not not reduce a tort feasor's liability for compensatory damages.

Since there was no increase in his sentence, Thibedeau's basic premise fails, and with it, his double jeopardy argument.

■ We find no merit in Thibedeau's additional contention that his sentence is excessive.

AFFIRMED.