206 N.J. Super. 584 (1986)
503 A.2d 364
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GEORGE R. RHODA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 25, 1985.
Decided January 6, 1986.
*586 Before Judges FURMAN, PETRELLA and COHEN.
*587 Paul Gauer, Designated Counsel, attorney for appellant (Mr. Gauer of counsel and on the letter brief).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for respondent (Catherine A. Foddai, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by PETRELLA, J.A.D.
After a remand for redetermination of restitution following a prior appeal to this court, defendant again appeals, challenging the restitution aspect of the sentence on a different ground than previously raised. We conclude that there is no constitutional infringement either by an increase in the amount of restitution on the remand or by the failure to mention the possibility of restitution at the time of the plea, and we affirm.
The prior appeal in this matter was decided on April 29, 1982 under docket No. A-3726-80. That appeal essentially involved the propriety of the action by the judge below in ordering defendant to make restitution of a maximum of $1,000 each to twelve of the victims of defendant's crimes. The proceedings arose out of defendant's sentencing after guilty pleas were entered pursuant to a plea agreement and were summarized in the prior appeal as follows:
After pleading guilty to 25 crimes, the bulk of which were burglary and theft offenses, custodial sentences to be served in New Jersey State Prison were imposed. In addition the sentencing judge also ordered the defendant to pay restitution to each of his 12 victims. The restitution per victim was fixed at a maximum of $1,000 each. The precise per victim restitution was to be determined by the Somerset County Prosecutor's Office based on affidavits of loss to be filed within 60 days subsequent to sentencing with the prosecutor's office. Thereafter, 11 of the 12 victims filed affidavits with the prosecutor's office. Based thereon the court, on June 3, 1981, ordered restitution in the sum of $1,000 to each of the 11 victims. No opportunity was afforded defendant to examine the affidavits of loss or to be heard in connection therewith.
Because we concluded in the prior appeal that the trial judge's lack of proper procedures and lack of a hearing in fixing restitution rendered his action invalid as violative of due *588 process, we reversed and remanded for a determination of restitution utilizing procedures outlined in State in Interest of D.G.W., 70 N.J. 488 (1976) and State v. Harris, 70 N.J. 586 (1976), which dealt with restitution in a probation context.
Pursuant to the remand by our earlier opinion, the trial judge conducted the first of two hearings. Defendant challenged the amount of losses claimed by 10 victims in that hearing, but did not object to losses claimed by five other victims.[1] As a result of this hearing, the judge entered a September 14, 1982 order, requiring defendant to pay $1,000 each to the five victims whose claims were undisputed. A second hearing was scheduled with respect to the disputed claims.
At that subsequent proceeding defendant retracted his earlier lack of objection to the claims of the five victims whose claims he had previously not disputed and those claims were reconsidered. It was apparently around this time that defendant's new attorney first raised a question about whether restitution had been part of the plea agreement. Only nine victims appeared and testified at the hearing. At this hearing the judge indicated that the victims would be allowed to testify to their total losses and would not be limited to the $1,000 previously set at defendant's sentencing in 1981. He also decided that if a loss of less than $1,000 was involved, the restitution awarded would be limited to the lesser amount. Nine of the victims of defendant's burglaries and thefts testified as to their losses. Defendant also testified. He denied taking some of the items listed by the victims. In addition, he indicated that upon his release from prison he had employment prospects. He said that his uncle owned a construction company and that he had been offered a job at about $14 an hour. His parents lived on a 47 acre estate and defendant's father was characterized as a successful, self-employed businessman. Based on the fact that *589 he would be living at home, defendant said he could pay restitution at a rate of about $3,000 to $4,000 a year.
In a December 9, 1982 letter opinion the judge determined that although the value of the property stolen by defendant was probably between $80,000 and $100,000, the value proven by eight of the witnesses amounted to $49,299.33. He ordered defendant to make restitution of $18,043.27, allocated to eight of the testifying victims in amounts ranging from $1,000 to $5,567.[2] One other victim was deemed to have suffered no loss and no restitution was ordered as to her. This compares with the $12,000 maximum under the judge's original order of restitution of up to $1,000 for each of 12 victims.
In determining that restitution was appropriate, the judge noted defendant's excellent chances of obtaining a "good paying job when released from prison" and concluded "[t]here is no logical or equitable reason why he should not be compelled to make at least partial restitution." Defendant appeals from the December 22, 1982 order implementing the judge's decision and argues that:
1) Increasing the amount of restitution after his successful appeal violated his constitutional right to be free from double jeopardy.
2) The restitution sentence imposed upon him was manifestly excessive and an abuse of discretion.
3) Failure to accord him specific enforcement of his plea bargain precluding restitution constituted an abuse of discretion. (Not raised below.)
4) His Sixth Amendment right to effective assistance of counsel was denied. (Not raised below.)
Defendant's argument that it is unconstitutional under double jeopardy principles for the amount of restitution ordered as part of his sentence to be increased based on the remand *590 hearing is rejected.[3] Restitution is not technically punishment for a crime. Although restitution has aspects of rehabilitation and deterrence, which are also aspects of punishment, it is predominantly nonpenal in nature. There is thus no constitutional infringement by an increase in restitution after appeal. Defendant is merely being required by way of restitution to restore, to even a limited extent, what he stole. We do not consider this a double punishment. Moreover, the judge did not even award full restitution to the victims, but only 1/3 of the value of the items not covered by insurance.[4] There is no doubt that a substantial fine or restitution, or both, could have been ordered under N.J.S.A. 2C:43-3. We will refer shortly to defendant's argument with respect to his expectations of his plea agreement. Restitution is not treated as strictly or predominantly penal. See State v. Harris, supra. (70 N.J. at 586). N.J.S.A. 2C:46-1, et seq., specifically deals with fines and restitution. The consequence of nonpayment of restitution or a default in payment can be treated as one would a civil judgment, and does not necessarily involve imprisonment. N.J.S.A. 2C:46-2b. There may, however, be enforcement of restitution by imprisonment in certain situations. See N.J.S.A. 2C:46-2a.
Defendant's first appeal challenged the procedures and the accuracy of the amounts of restitution for each victim, implicating N.J.S.A. 2C:44-2 which reads:
a. The court may sentence a defendant to pay a fine or make restitution, or both, in addition to a sentence of imprisonment or probation if:

*591 (1) The defendant has derived a pecuniary gain from the offense; or
(2) The court is of opinion that a fine or restitution, or both, is specially adapted to deterrence of the type of offense involved or to the correction of the offender.
b. The court may sentence a defendant to pay a fine or make restitution, or both, if the defendant is able, or given a fair opportunity to do so, will be able to pay the fine or make restitution, or both. The court may sentence a defendant to pay a fine only if the fine will not prevent the defendant from making restitution to the victim of the offense.
c. In determining the amount and method of payment of a fine or restitution, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose.
d. Nonpayment. When a defendant is sentenced to pay a fine or make restitution, or both, the court shall not impose at the same time an alternative sentence to be served in the event that the fine is not paid. The response of the court to nonpayment shall be determined only after the fine has not been paid, as provided in section 2C:46-2.
N.J.S.A. 2C:43-3 authorizes requiring restitution as part of a sentence for a criminal offense.[5] Restitution is considered particularly appropriate where defendant has derived a pecuniary gain from the offense or the court believes that restitution is particularly adapted to deter the type of offense committed or to aid in the correction of the offender. N.J.S.A. 2C:44-2a(1) and (2). The procedures for determining the amount and method of payment, taking into account the financial resources of defendant and the nature of the burden that payment would impose, are alluded to in N.J.S.A. 2C:44-2c. Restitution is not treated in the same vein as a sentence of imprisonment. It is primarily focused on rehabilitation of the criminal, as well as recompense for an aggrieved victim. State v. Harris, supra (70 N.J. at 592-593). See also N.J.S.A. 2C:46-2; 52:4B-26 et seq. (statute allowing victim to recover from assets, etc. of perpetrator). Cf. In re Trantino Parole Application, 89 N.J. *592 347, 360 (1982) (consideration of restitution under parole statute in rehabilitation context).
There is no valid reason, where a defendant appeals challenging the amount of restitution based on the value of the goods stolen, that a trial judge may not on remand determine, as he should have in the first instance, the proper and correct value of the property stolen and in accordance with the criteria in N.J.S.A. 2C:44-2 and payment schedule of N.J.S.A. 2C:46-1, et seq., impose appropriate restitution. See State v. Harris, supra (70 N.J. at 593-599); State v. Naji, 205 N.J. Super. 208, 216-17 (App.Div. 1985) (slip op. at 9-10).
In State v. Ryan, 86 N.J. 1, 8-9 (1981), cert. den. 454 U.S. 880, 102 S.Ct. 363, 70 L.Ed.2d 190 (1981), it was determined that under our prior penal laws double jeopardy considerations militated against increasing a defendant's prior prison sentence when defendant had already served a portion of a custodial term. State v. Rodriguez, 97 N.J. 263 (1984), explained Ryan as holding that "commencement of sentence coupled with the defendant's expectation of finality in his original underlying conviction and sentence combined to raise a constitutional ban against an increase in that sentence." Id. at 270. An analogy can certainly be drawn among Ryan, Rodriguez and the case at bar. Defendant here had not paid any of the ordered restitution on his original sentence. He appealed that sentence, challenging the legality of the procedure utilized in imposing restitution. Thus, defendant here never had any expectation of finality of the restitution sentence. See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); State v. McMeekin, 204 N.J. Super. 496, 502-503 (App.Div. 1985); State v. Giorgianni, 189 N.J. Super. 220, 227 (App.Div. 1983), certif. den. 94 N.J. 569 (1983). See also Pennsylvania v. Goldhammer, ___ U.S. ___, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985) [unofficially reported at 46 CCH S.Ct.Bull.P.]. Double jeopardy principles thus do not preclude a reasonable award of appropriate restitution based on the appropriate procedures and actual facts.
*593 Moreover, where there is an illegal sentence, Bozza v. United States, 330 U.S. 160, 167, 67 S.Ct. 645, 652, 91 L.Ed. 818, 822 (1947), or clerical errors, State v. Matlack, 49 N.J. 491 (1967), cert. den. 389 U.S. 1009, 88 S.Ct. 572, 19 L.Ed.2d 606 (1967), double jeopardy considerations do not apply. Such sentences may be corrected before they are completed or served. State v. Sheppard, 125 N.J. Super. 332, 336 (App.Div. 1973), certif. den. 64 N.J. 318 (1973); State v. Fisher, 115 N.J. Super. 373, 378 (App.Div. 1971); R. 3:21-10. See also State v. Greene, 33 N.J. Super. 497, 501 (App.Div. 1955). Indeed, failure of a sentencing court to impose a mandatory minimum sentence under the Graves Act, has resulted in resentencing to impose the mandatory minimum sentence or even a Violent Crimes Compensation Board penalty. State v. Muessig, 198 N.J. Super. 197 (App.Div. 1985); State v. Copeman, 197 N.J. Super. 261 (App.Div. 1984). See also State v. Stewart, 96 N.J. 596 (1984); State v. Des Marets, 92 N.J. 62 (1983).
We point out that even with respect to imprisonment on the punishment side, the State has a limited right to appeal in specified instances when it considers the prison sentence inadequate under the Code. N.J.S.A. 2C:44-1f(2). See, e.g., State v. Hodge, 95 N.J. 369 (1984) and State v. Roth, 95 N.J. 334, 360 (1984). The State's appeal under such circumstances does not constitute double jeopardy under either the State or Federal Constitutions. Pennsylvania v. Goldhammer, supra, ___ U.S. ___, 106 S.Ct. 354; State v. Farr, 183 N.J. Super. 463, 470 (App.Div. 1982). Likewise, we conclude that no double punishment occurs under the code in such resentencing to fix the appropriate amount of restitution when after an appeal there is a remand to determine the correct amount of restitution based on proper procedures. Cf. Thibedeau v. State, 617 P.2d 759 (Alaska 1980) (correction of payment of fine from victim to state does not implicate double jeopardy protections).
Defendant argues that the amount of restitution imposed upon him was manifestly excessive and an abuse of *594 discretion. He also challenges the ruling by the trial judge allowing the victims of his crimes to estimate the value of the items stolen from them, even though those persons did not qualify as expert witnesses. Defendant further argues that the judge failed to determine fair market value of the items stolen at the time of theft.
Our cases have long held that the owner of personal property may give his estimate of the value of his own property. State v. Hill, 153 N.J. Super. 558, 561 (App.Div. 1977); State v. Romero, 95 N.J. Super. 482, 487 (App.Div. 1967). It is for the trier of fact to determine the probative value of that testimony. With respect to defendant's objection to the use of market value of the stolen items at the time of theft, suffice it to say that State in the Interest of D.G.W., supra, 70 N.J. at 504, authorizes use of market value as one alternative to valuation. In any event, defendant was hardly prejudiced. Full market value was not the restitution imposed here.[6] The judge's factual determinations here are supported by the record. State v. Johnson, 42 N.J. 146, 159-162 (1964).
We turn now to defendant's argument that the terms of his plea agreement precluded his being ordered to make restitution. Defendant never raised the issue on his prior appeal that imposition of restitution was beyond the scope of his plea agreement. Rather, he contended that the method employed to fix restitution was improper. His subsequent attempt to raise the scope of the plea agreement issue is barred and cannot be relitigated, even if of constitutional dimension, because it was not raised, and could have been raised in connection with defendant's first appeal. State v. Smith, 43 N.J. 67, 74 (1964), *595 cert. den. 379 U.S. 1005, 85 S.Ct. 731, 13 L.Ed.2d 706 (1965). See State v. Cusick, 116 N.J. Super. 482, 485 (App.Div. 1971).
Under that plea agreement the State had undertaken to dismiss several outstanding complaints against defendant, to recommend that the judge impose a maximum term of 7 1/2 years imprisonment, and to make a nonbinding recommendation that the sentence be served in a reformatory. Defendant was aware that he could have received not only a prison sentence of up to 125 1/2 years, but fines totalling up to $357,500. His written statement submitted at the time of his plea so indicated. Defendant argues that the possibility of restitution was not discussed on the record during the entry of his plea, and the trial judge did not inquire of defendant regarding restitution at either the plea or sentencing proceedings. Defendant states in his brief that it was a surprise to everyone that the judge imposed restitution without advance warning and without opportunity of defense counsel to raise any objection. However, defendant did not object that it was beyond the scope of the plea agreement at the time. See State v. Rodriguez, 179 N.J. Super. 129, 136 (App.Div. 1981). Clearly there was opportunity to object both at the time of sentencing and on the prior appeal. Having failed to raise the issue, he is precluded from raising it now. State v. Stewart, 196 N.J. Super. 138, 143 (App.Div. 1984), certif. den. 99 N.J. 212 (1984); State v. Tomaras, 184 N.J. Super. 551, 553 (App.Div. 1982); State v. Cusick, supra.
Addressing the merits in the alternative, we note that the plea agreement was directed primarily to the time defendant was to serve in prison. There was no implication of a mandatory minimum period of parole ineligibility or of an extended term of imprisonment. See State v. Kovack, 91 N.J. 476 (1982). That case has not been extended to include restitution, which we view as part of the rehabilitation and resocialization process, State v. Harris, supra (70 N.J. at 592-593), and we decline to do so. Despite the fact that restitution may not have been mentioned at the time of the entry of his plea, *596 defendant was aware that fines could have been imposed. There was no negation of restitution, and no reason that defendant should have expected to be able to retain the fruits or benefits of his illegal activities to the further detriment of the victims of the crimes. Cf. N.J.S.A. 52:4B-26, et seq. (L. 1983, c. 33), which deals with certain moneys received by persons accused or convicted of crimes and supplements the "Criminal Injuries Compensation Act of 1971." We conclude that there is no infringement on defendant's constitutional rights by failing to comment on restitution at a plea proceeding.
It may well be the better practice for the trial judge at the time of a plea agreement, or even a guilty plea without such agreement, to bring to a defendant's attention references to the potential restitution (as well as a fine) to disabuse the defendant of any misapprehension that he may financially benefit further from his breach of the law. We conclude that, subject to compliance with N.J.S.A. 2C:43-3 and N.J.S.A. 2C:46-1 through 5, restitution was not precluded by the plea agreement here. Cf. State v. Rodriguez, supra (179 N.J. Super. at 136). It merely attempted to limit defendant's prison term exposure, and included a recommendation for a reformatory sentence. See also State v. Bausch, 171 N.J. Super. 314 (App.Div. 1979), aff'd as mod. 83 N.J. 425 (1980); State v. Jackson, 138 N.J. Super. 431, 434 (App.Div. 1976).
Defendant's final argument is that his attorneys below were incompetent for failing to recognize that restitution was beyond the scope of the plea agreement. Obviously, since we have held that the plea agreement did not preclude restitution, his claim of ineffective assistance of counsel fails. As we have noted, defendant's potential exposure with respect to both a prison term as well as fines was considerably more than he received under his agreement. We find no violation of either Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2063-2064, 80 L.Ed.2d 674 (1984), or State v. Woodard, 102 N.J. Super. 419, 429 (App.Div. 1968), certif. den. 53 N.J. 64 (1968), cert. *597 den. 395 U.S. 938, 89 S.Ct. 2004, 23 L.Ed.2d 453 (1969). See also Hill v. Lockhart, ___ U.S. ___, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
Affirmed.
NOTES
[1] See note 2, infra.
[2] There were apparently 15 victims, but only 12 resided in Somerset County. The $18,043.27 ordered in restitution consisted of $1,000 for three victims, and for the remaining five were $1,343.47; $1,354.19; $1,470; $5,398.33 and $5,567. The actual losses of the eight victims were established as ranging from $1,045 to $16,701. Thus, aside from the scope of the plea agreement argument, as a practical matter, defendant objects to the increase in ordered restitution for five of the eight victims who testified.
[3] Obviously any or all of the victims could pursue their claims for payments in a civil proceeding. See State v. Harris, 70 N.J. 586, 591-592 (1976). We take it that defendant does not argue that he has no civil responsibility for making restitution if civil complaints were filed against him. Indeed, in addition to compensatory damages he could be exposed in a civil case to punitive damages. However, as a general rule any civil damages could not be enforced under the criminal laws.
[4] Thus any insurer would appear to bear the loss to the extent it paid the claim, subject to any subrogation claim or indemnification claim it might have against the perpetrator.
[5] See also N.J.S.A. 30:4-123.45, et seq. and particularly N.J.S.A. 30:4-123.59b which authorizes restitution as a condition of parole. Such restitution may be imposed under the statute long after the original sentence was imposed. See In re Trantino Parole Application, 89 N.J. 347 (1982) which in effect approved the concept of parole restitution.
[6] Defendant argues that the increased restitution was as a result of his successful appeal of the judge's order. There is no merit in that argument. The judge clearly set forth in the record his reasons for setting restitution. There is no indication that retaliation was ever sought or that the judge was trying to do anything except determine an appropriate amount of restitution as required by the remand.