654 A.2d 999

STATE OF NEW JERSEY IN THE INTEREST
OF R.V., A JUVENILE.

Superior Court of New Jersey
Appellate Division

Submitted February 14, 1995—Decided March 8, 1995.

Before Judges PETRELLA, HAVEY and CUFF.

*Susan L. Reisner,* Public Defender, attorney for appellant R.V. (*Donald T. Thelander,* Assistant Deputy Public Defender, of counsel and on the brief).

*Nicholas L. Bissell, Jr.,* Somerset County Prosecutor, attorney for respondent State of New Jersey (*Janice C. Forrester,* Assistant Prosecutor, on the letter-brief).

The opinion of the court was delivered by

PETRELLA, P.J.A.D.

This is an appeal by a juvenile, R.V.,[1] from an adjudication of delinquency for what would have been, if committed by an adult, third degree possession of a weapon (a baseball bat) for an unlawful purpose (*N.J.S.A.* 2C:39–4d), and second degree aggravated assault (*N.J.S.A.* 2C:12–1b(1)).

On appeal, the juvenile argues:

I. The adjudication of delinquency must be reversed as the judgment of the court was against the weight of the evidence. (Not raised below).

II. The summary imposition of restitution without a hearing was illegal and the amount of restitution, $2,688.16, was excessive.

Briefly stated, the events which were the subject of the delinquency complaints occurred in the evening of August 7, 1992 when R.V. went back to a Dairy Queen in Manville with a juvenile E.M., and some other friends to get even for an earlier pushing match which did not involve the victim. The victim who was present during the earlier scuffle at the Dairy Queen was hit in the head and other parts of his body with a baseball bat by a person identified that evening as R.V., resulting in the victim sustaining a broken skull, a broken jaw and other injuries, all of which required his hospitalization.

The police obtained taped statements from various witnesses identifying R.V. as the wielder of the bat, and as the brother of the juvenile against whom the charges were not sustained. At the juvenile hearing some of the juvenile witnesses who had given statements to the police either recanted, were forgetful, or evasive. The judge found credible the statements made by the witnesses soon after the event, and disbelieved their contrary or conflicting testimony at the juvenile hearing.

We note initially that the argument that the verdict was against the weight of the evidence is not the proper standard in a

---

[1] The juvenile's brother was charged in a separate juvenile complaint with simple assault and was tried jointly with R.V. The charge against his brother was not sustained.

non-jury case. The standard is whether there is sufficient credible evidence in the record to support the judge's determination. *See State In the Interest of J.R.,* 165 *N.J.Super.* 346, 350, 398 *A.*2d 150 (App.Div.1979). The weight of the evidence argument only applies to jury trials. *Fanarjian v. Moskowitz,* 237 *N.J.Super.* 395, 406, 568 *A.*2d 94 (App.Div.1989); *see R.* 3:20–1 and *R.* 5:1–1. Moreover, no weight of the evidence argument was ever raised below. Hence, if that standard applied the argument would be procedurally barred absent a clear showing that there has been a miscarriage of justice. *State v. Ross,* 249 *N.J.Super.* 246, 253, 592 *A.*2d 291 (App.Div.1991); *see R.* 2:10–2 and *R.* 2:10–1.

■ Here, the judge sitting on the juvenile proceeding found that the statements given to the police shortly after the incident were credible. Those statements or portions of them were in evidence in the juvenile proceeding. The judge could properly reject as incredible the testimony of the witnesses at trial which was inconsistent with their prior statements.

We turn next to R.V.'s contention that imposition of restitution in the amount of $2,688.16, the unchallenged amount of the victim's medical bills, was not appropriate. The issue was not raised below, and could be considered waived. There was no objection to the amount of restitution at the disposition hearing and there is no doubt that the court had the authority to impose restitution. *N.J.S.A.* 2C:43–3. However, it is true that no hearing was held with respect to how this restitution would be paid, how the payment would impact on the then sixteen-year old juvenile, or his ability to pay and prospects for future employment. *See N.J.S.A.* 2C:44–2b(2), c(1) and (2).

As we view it, the question of restitution in criminal and juvenile proceedings need not hinge exclusively on ability to pay, if the amount of restitution ordered is otherwise appropriate. Where the court controls the victim's enforcement of restitution, and restitution is not an absolute condition of probation, restitution may be ordered even in the absence of present means to pay. *See N.J.S.A.* 2C:44–2d and 2C:46–2c. This is not to say, however, that

an impecunious defendant or juvenile can be made to pay what he does not have. Indeed, as recognized by our case law, such a principle would be inconsistent. *See State v. Newman,* 132 *N.J.* 159, 173, 623 *A.*2d 1355 (1993). The same concept generally applies in proceedings to collect civil judgments.

There is no question that restitution is not imposed as punishment, but is considered part of rehabilitation of the criminal or juvenile delinquent, as well as recompense for the victim. *State v. Rhoda,* 206 *N.J.Super.* 584, 591, 503 *A.*2d 364 (App.Div.), *certif. denied,* 105 *N.J.* 524, 523 *A.*2d 167 (1986). Therefore, while we recognize the logic of limiting the burden imposed on a defendant or a juvenile delinquent to a reasonable amount, we perceive no reason not to order appropriate restitution even when the person ordered to make restitution is presently unable to pay either the entire amount or a lesser amount based on a reasonable payment schedule. This is not inconsistent with the statutory language that requires the court "[i]n determining the amount and method of payment of restitution" to "take into account all financial resources of the defendant, including the defendant's likely future earnings." *N.J.S.A.* 2C:44–2c(2). We consider the intent of the statute to also require the court to take into account future income or assets, as well as future earnings. Indeed, this statute goes on to require that the court "shall set the amount of restitution so as to provide the victim with the fullest compensation for loss that is consistent with the defendant's ability to pay." *Ibid.* Obviously, future financial circumstances and prospects may be considered. *State v. Newman, supra,* 132 *N.J.* at 179, 623 *A.*2d 1355. We see no reason to restrict restitution to less than the amount of harm or loss actually caused, particularly when enforcement or collection may be postponed, as is often the case with civil judgments, since essentially the same procedure for collection applies by virtue of *N.J.S.A.* 2C:46–2b and c.

The court is thus entitled to take into account future earning power and potential future expectations of the person being

ordered to make restitution. That such person may in the future come into funds either through work, inheritance, potential recovery in a lawsuit, or indeed, even by winning the lottery or the jackpot in a casino,[2] all militate in favor of imposing appropriate restitution, reducing it to a civil judgment, and making the amount subject to future enforcement. *See N.J.S.A.* 2C:44–2b(2) and c(2); *N.J.S.A.* 2C:46–2b and c.

On the other hand, the ordering of restitution does not mean that a person ordered to make restitution (whether or not on probation or parole[3]) will be imprisoned for non-payment or be compelled to pay where he does not have sufficient means to do so. *State In the Interest of D.G.W.,* 70 *N.J.* 488, 505 & n. 4, 361 *A.*2d 513 (1976). Either an appropriate payment schedule can be specified, *see N.J.S.A.* 2C:46–1a, or a judgment entered in favor of the victim which would have the potential of being enforced in the future as a civil judgment if the person ordered to make restitution obtained assets which are reachable by process. *See N.J.S.A.* 2C:46–2b. An order fixing restitution in favor of the victim would have the salutary effect of not only preventing pecuniary gain by the perpetrator and affording relief to the innocent victim, *N.J.S.A.* 52:4B–36i, but of acting as a necessary deterrent by ensuring that a presently impoverished person ordered to make restitution will be precluded from escaping any responsibility, present or future, for repayment for the injury or loss to the

---

[2] Although winning the lottery or hitting the jackpot at a casino may be rare, the State's encouragement of gambling in our present-day environment and the fact that such events have occurred in the past permit these potentialities to be taken into account.

[3] We recognize that due process considerations may apply where probation or parole conditions are involved which would require a current ability to pay hearing. *Cf. N.J.S.A.* 2C:44–2d (prohibiting the court from imposing an alternative sentence where the restitution is not paid); *State v. Harris,* 70 *N.J.* 586, 592, 362 *A.*2d 32 (1976) (court has discretion to impose restitution as condition of probation).

victim caused by that person.[4]  *Cf. State v. Rhoda, supra,* 206 *N.J.Super.* at 591, 503 *A.*2d 364.

Nevertheless, we are constrained to remand this case for a hearing to set the conditions and terms of restitution.  *See N.J.S.A.* 2C:44–2; *State v. Newman, supra,* 132 *N.J.* at 179, 623 *A.*2d 1355.  Because there appears to be no dispute as to the proper amount of the victim's medical expenses,[5] the hearing will be limited to whether R.V. presently or in the future will or should be able to pay the amount ordered.  If the judge finds that R.V. possesses the current or future ability to pay all or a portion of the restitution (*see N.J.S.A.* 2C:44–2c(2)), he may so order on appropriate terms.  In the event that the judge finds that R.V. will have no means to pay the restitution in the foreseeable future, he may nonetheless enter an order that R.V. shall in the future pay such portion of the amount as is reasonable, and in accordance with his present and future anticipated ability to pay, or potential ability to pay.  *Cf. State v. Orji,* 277 *N.J.Super.* 582, 589–590, 649 *A.*2d 1368 (App.Div.1994) (no restitution hearing required where there was no dispute as to amount ordered or defendant's ability to pay).

The adjudications of delinquency are affirmed.  We remand for a restitution hearing consistent with this opinion.  Jurisdiction is not retained.

---

[4] The Crime Victim's Bill of Rights, *N.J.S.A.* 52:4B–34 to –38, contains legislative findings and declarations, and vests in crime victims and witnesses certain rights, including the right "to be compensated for their loss whenever possible." *N.J.S.A.* 52:4B–36i.

[5] We view the claim of excessiveness to be directed at the juvenile's present ability to pay.  However, if there were such a dispute the juvenile would be afforded an opportunity to challenge the reasonableness and necessity of the medical expenses.  The judge should inquire into this aspect on the record.