**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0547-17T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

EDWIN M. PEREZ,

      Defendant-Appellant.

_____

Submitted September 10, 2019 - Decided September 18, 2019

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 15-08-1001.

Joseph E. Krakora, Public Defender, attorney for appellant (Emma R. Moore, Assistant Deputy Public Defender, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

In August 2016, defendant was tried in absentia before a jury, which convicted him of 1) third-degree burglary (count one); 2) fourth-degree unlawful taking of a means of conveyance as a lesser included offense of theft of a motor vehicle (count two); 3) fourth-degree theft of property as a lesser included offense of third-degree theft (count three). On August 11, 2017, the trial judge sentenced defendant to four years imprisonment on count one, and to fifteen months imprisonment on counts two and three, all concurrent.[1]

After his sentencing, defendant filed this appeal, challenging his convictions and sentence. He presents the following points of argument:

POINT I

THE TRIAL COURT SHOULD HAVE GRANTED MR. PEREZ'S MOTION FOR JUDGMENT OF ACQUITTAL ON THIRD-DEGREE THEFT AND REDUCED THE CHARGE TO A DISORDERLY PERSONS OFFENSE BECAUSE THERE WAS NO EVIDENCE OF THE FAIR MARKET VALUE OF THE STOLEN ITEMS.

POINT II

DEFENDANT'S SENTENCE WAS MANIFESTLY EXCESSIVE GIVEN DEFENDANT'S DISABILITY AND THE ABSENCE OF SERIOUS HARM.

---

[1] On March 6, 2018, defendant was released from prison to the Intensive Supervision Program.

A-0547-17T3

> A. Because of the Defendant's Serious Disability, the Court Should Have Found Mitigating Factor Eleven and Dismissed or Deemphasized Aggravating Factor Three.
>
> B. Because Defendant Neither Contemplated, Threatened, Nor Risked the Infliction of Serious Harm, the Court Should Have Found Mitigating Factors One and Two.

Having reviewed the record in light of the applicable legal standards, we find no basis to disturb defendant's convictions or sentence. We therefore affirm.

## I

We begin with a summary of the most pertinent trial evidence. On April 15, 2015, at about 8:00 p.m., defendant drove away in a Nissan Altima owned by N.M.,[2] after she parked her car in the parking lot of Retro Fitness in North Arlington. Defendant used N.M.'s key fob to drive her car away, and drove the stolen car to North Arlington, in front of the home of L.K., one block south of defendant's home. L.K., who was in her living room looking out the window, saw defendant rummage through the glove compartment of the Nissan, and then get out of the car. While she did not know his name, L.K. had seen defendant several times before when he parked another car in front of her house.

---

[2] We use initials to protect the privacy of the victim and witnesses.

A-0547-17T3

N.M. testified that before entering the gym, she left her purse in her locked car, fearing someone in the gym might steal it. She stated her purse contained "almost" $50 in cash, "about" $50 in gift cards, and her Dolce & Gabbana sunglasses, purchased just a few months earlier for "about" $400. In addition, she said her purse cost "about" $60. N.M.'s purse was recovered and returned to her, but not the contents.

II

A judgment of acquittal may be granted only if, viewing the State's evidence, whether direct or circumstantial in its entirety and giving the State the benefit of all its favorable testimony as well as all favorable inferences which reasonably could be drawn from the evidence, a reasonable jury could not find the defendant guilty of the charge beyond a reasonable doubt. State v. Wilder, 193 N.J. 398, 406 (2008).

The value of the property taken is an element of the offense which the State must prove beyond a reasonable doubt. State v. D'Amato, 218 N.J. Super. 595, 606-07 (App. Div. 1987). Where the degree of the offense is determined by the value of the item, value is defined as the fair market value at the time and place of the operative act. N.J.S.A. 2C:1-14m.

A-0547-17T3

It has long been settled that "the owner of an article of personal property, whether or not [she] is generally familiar with the value of like articles, is competent to testify as to [her] estimate of the value of [her] own property and that the extent of its probative value is for the consideration of the jury." State v. Romero, 95 N.J. Super. 482, 487 (App. Div.1967); see also State v. McLean, 205 N.J. 438, 458 (2011) (permitting owner of personal property to testify about value of personal property stolen as an example of permissible lay opinion); State v. Rhoda, 206 N.J. Super. 584, 594 (App. Div. 1986) (owners of stolen property can give estimate of the value of their own property); State v. Gosa, 263 N.J. Super. 527, 537 (App. Div. 1993) (sufficient evidence that value of stolen radios exceeded $500).

Defendant argues that the trial judge erred when the judge denied his motion for a judgment of acquittal, asserting that the State failed to present a "modicum of evidence" to prove the market value of the items at the time of the theft. We disagree. N.M. testified that she locked her purse in her car, her purse contained "almost" $50 in cash, "about" $50 in gift cards, and her Dolce & Gabbana sunglasses, purchased just a few months before the theft at a cost of "about" $400, and that her purse cost "about" $60. N.M.'s testimony was sufficient competent evidence to support the trial judge's decision to deny

A-0547-17T3

defendant's motion for a judgment of acquittal. Moreover, the jury concluded that the value of the items stolen was at least $200 but less than $500, thereby demonstrating that it found that N.M.'s testimony of the value of the items taken justified a finding of fourth-degree theft.

Defendant also challenges his sentence as "manifestly excessive." The trial judge found as aggravating factors the risk that defendant would commit another offense, his criminal record, and the need to deter defendant and others. As for mitigating factors, the judge rejected defendant's claim that his conduct neither caused nor threatened serious harm, that he did not contemplate his conduct would cause or threaten such harm, and his argument that imprisonment would entail excessive hardship to defendant given his medical condition, mitigating factors one, two, and eleven. N.J.S.A. 2C:44-1(b)(1), (2), (11).

In reviewing a "sentence challenged for excessiveness[,] [t]he reviewing court is expected to assess the aggravating and mitigating factors to determine whether they 'were based upon competent credible evidence in the record.'" State v. Bieniek, 200 N.J. 601, 608 (2010) (quoting State v. Roth, 95 N.J. 334, 364 (1984)). When the judge has followed sentencing guidelines, and his findings of aggravating and mitigating factors are supported by the record, an appellate court will only reverse if the sentence "shocks the judicial conscience" in light

of the particular facts of the case. Roth, 95 N.J. at 364-65; accord State v. Cassady, 198 N.J. 165, 183-84 (2009).

The trial judge adequately explained why defendant's extensive criminal history, including his previous indictable convictions, justified applying aggravating factors three, six, and nine. N.J.S.A. 2C:44-1(a)(3), (6), (9). Significantly, defendant was on probation when he committed the crimes under review. In addition, the record indicates the crimes at issue represent defendant's ninth indictable conviction.

The State contends the record supports the judge's rejection of defendant's claim that imprisonment would cause him excessive hardship. We agree. While defendant sustained injuries in a 2015 motor vehicle accident, the record fails to support defendant's claims that he has a "serious disability" and that his residual symptoms – back pain and leg pain – would result in a prison term causing him excessive hardship.

Regarding the trial judge's rejection of mitigating factors one and two, the State concedes the trial judge's reason for rejecting these mitigating factors – defendant's criminal record – was wrong, and that these factors apply in this case. Nevertheless, the State argues against a sentencing remand, noting the four-year sentence imposed by the trial judge was in the mid-range for a third-

degree offense, defendant's extensive prior criminal record, and the fact he was on probation when he committed the crimes under review.

The trial judge's findings regarding the sentencing factors were substantially supported by the record, except for his rejection of the serious harm mitigating factors. Notwithstanding this error, we conclude there was substantial compliance with the Code of Criminal Justice, N.J.S.A. 2C:1-1 to 2C:104-9. In a case where defendant's extensive criminal record made him extended-term eligible, see N.J.S.A. 2C:44-3(a), and where defendant was on probation when he committed the subject crimes, the addition of mitigating factors one and two does not materially change the landscape of the aggravating/mitigating factors, and the aggregate sentence does not shock our conscience. The four-year sentence imposed by the trial judge was in the mid-range for a third-degree offense, notwithstanding defendant's extensive criminal record and the fact he was extended-term eligible

Given the fact that defendant has been released from prison to ISP, we agree with the State that this development effectively renders moot defendant's claim of excessive hardship, a claim otherwise unsupported by the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0547-17T3